SHAFRON LAW GROUP, LLC
Two University Plaza Drive, Suite 400
Hackensack, New Jersey 07601
Telephone: (201) 343-7200
*Attorneys for Plaintiff Poly-Gel, L.L.C.*

EDWIN D. SCHINDLER, ESQ.
4 High Oaks Court, P.O. Box 4259
Huntington, New York 11743-0777
Telephone: (631) 474-5373
*Of Counsel to Plaintiff Poly-Gel, L.L.C.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| POLY-GEL L.L.C, | : |
| **Plaintiff,** | : Civil Action No. |
| v. | : **COMPLAINT** |
| HAND & NAIL HARMONY, INC. and NAIL ALLIANCE, LLC, | : |
| **Defendants.** | : |

Plaintiff Poly-Gel LLC, by and its counsel Shafron Law Group, LLC file this Complaint against Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC and hereby allege as follows:

### THE PARTIES

1. Plaintiff Poly-Gel L.L.C. ("Plaintiff" or "Poly-Gel") is a limited liability company organized and existing under the laws of the State of New Jersey and having its principal place of business located at 30 Leslie Court, Whippany, New Jersey 07981,

2. Upon information and belief, Defendant Hand & Nail Harmony, Inc. is a corporation organized and existing under the laws of the State of California, doing business as, and under the trade name of, "Gelish," and having its principal place of business located at 1545 Moonstone, Brea, California 92821.

3. Upon information and belief, Defendant Nail Alliance, LLC is a limited liability company organized and existing under the laws of the State of Delaware, is affiliated and conducting business with Hand & Nail Harmony, Inc., and having its principal place of business located at 6840 North Oak Trafficway, Gladstone, Missouri 64118.

## JURISDICTION AND VENUE

4. This action arises under the federal law under 28 U.S.C. §§1331, 1338(a) and 15 U.S.C. §1121, and for violations of New Jersey State law. In additiona, the Declaratory Judgments Act, 28 U.S.C. §2201, and 15 U.S.C. §1051 of the Lantham Act, authorize this Court to grant Plaintiff declaratory relief.

5. This is a Civil Action over which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

5. This Court also has supplemental jurisdiction over Plaintiff's state law claims for relief pursuant to 28 U.S.C. § 1367 and for the additional reason that those claims are joined with substantially related claims and arise out of the same common nucleus of operative facts as Plaintiff's federal law claims.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## FIRST COUNT

### (Federal Unfair Competition Arising From "False Designation of Origin" Pursuant to §43(a) of the Trademark Act, 15 U.S.C. §1125(a) Against Defendants Hand & Nail Harmony, Inc. and Nail Alliance LLC)

7. This is a claim for federal unfair competition for "false designation of origin" arising under §43(a) of the federal Trademark Act, 15 U.S.C. §1125(a), alleging acts of federal unfair competition against Defendants Hand & Nail Harmony, Inc. and Nail Alliance LLC.

8. Poly-Gel L.L.C. manufactures and markets throughout the United States and internationally non-medicated skin care products, such as body and beauty care cosmetics, cleansing creams/creams for skin care, including skin care products for the hands and feet.

9. Poly-Gel L.L.C. commenced use of "Poly-Gel" and "PolyGel" as a trade name, and in certain instances as a trademark, in 1999 and has been making continuous use of "Poly-Gel" as a trade name through to the present date, for cosmetics and non-medicated skin care products for various parts of the human body, including the hands and feet.

10. On July 4, 2017, Nail Alliance, LLC registered "PolyGel" as a trademark for cosmetics, non-medicated nail and skin care preparations and related goods, presumably for the hands and/or feet of persons, as evidenced by U.S. Trademark Registration No. 5,238,109 ("Exhibit 1"), and are therefore closely related to, compete with, and are substantially similar to, if not the same as, the cosmetics and non-medicated skin care products offered for sale and sold throughout the United States by Poly-Gel L.L.C. since 1999.

11. Poly-Gel L.L.C. adopted and has continuously used "Poly-Gel" and "PolyGel" as a trade name since 1999 and therefore more than eighteen years prior to the admitted date of first use of "PolyGel" as a trademark by Nail Alliance, LLC for cosmetics, non-medi-cated skin care preparations and related and competing goods with those commercialized throughout the United States by Poly-Gel L.L.C.

12. Poly-Gel L.L.C adopted, has continuously used and has not abandoned "PolyGel" and "Poly-Gel" as a trade name in the United States from a date prior to any date of first use of "PolyGel" as a trademark that may be claimed by Nail Alliance, LLC.

13. Upon information and belief, Nail Alliance, LLC is either a wholly owned subsidiary or under the control or influence of Hand & Nail Harmony, Inc. and engages in use of the "PolyGel" trademark through its apparent or actual partnership with Hand & Nail Harmony, Inc., and each of Hand & Nail Harmony, Inc. and Nail Alliance, LLC appear to have authority to bind one another in business transactions and/or exercise joint ownership or control over products marketed with the infringing "PolyGel" trademark.

14. Upon information and belief, Hand & Harmony, Inc. conducts business under the trademark or trade name "Gelish" and advertises its products as "Gelish PolyGel," as shown below, with its use of "PolyGel" having only recently commenced:



15. The goods of both Poly-Gel L.L.C. and Hand & Nail Harmony, Inc. are regularly marketed together on various websites including, for example, being shown side-by-side when conducting searches on Amazon.com for "PolyGel" under the category of "Beauty & Personal Care" products, with NatraCure® of Poly-Gel L.L.C. appearing with the "Gelish PolyGel" products of Defendant Hand & Nail Harmony, Inc. ("Exhibit 2"), or when searching for "PolyGel" with Google.com ("Exhibit 3"), with the markets in which the parties sell their respective goods converging.

16. The earliest date of first use of "PolyGel" that may be claimed by either Hand & Nail Harmony, Inc. and Nail Alliance, LLC is subsequent to the date of adoption and first use of "PolyGel" and "Poly-Gel" by Plaintiff Poly-Gel L.L.C., thereby rendering the rights of Poly-Gel L.L.C. superior to any rights which may be claimed by either or both of Hand & Nail Harmony, Inc. and Nail Alliance, LLC.

17. A likelihood of confusion exists between the concurrent uses of "PolyGel" by Poly-Gel L.L.C. and Defendants Hand & Nail Harmony, Inc., and its corporate partner Nail Alliance, LLC, for the marketing of non-medicated skin preparations for the hands and feet, as well as for beauty and personal care products generally, in the United States and therefore Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC are engaging in unfair competition and false designation of origin arising from the use of "PolyGel" by Hand & Nail Harmony, Inc. and Nail Alliance, LLC in the sale and marketing of related and/or competing skin care preparation for the hands and feet and other beauty and personal skin care products in the United States against, and to the ongoing detriment of, Plaintiff Poly-Gel L.L.C.

18. Defendants Hand & Nail Harmony, Inc.'s and Nail Alliance, LLC's acts of federal unfair competition and false designation of origin against Plaintiff Poly-Gel L.L.C. are knowing and willful and will continue unless enjoined by this Court.

19. Plaintiff Poly-Gel L.L.C. has no adequate remedy at law.

## SECOND COUNT

### (Federal Unfair Competition Arising From "Initial Interest Confusion" Pursuant to §43(a) of the Trademark Act, 15 U.S.C. §1125(a) Against Defendant Hand & Nail Harmony, Inc. and Nail Alliance, LLC)

20. This is a claim for federal unfair competition for "initial interest confusion" arising under §43(a) of the federal Trademark Act, 15 U.S.C. §1125(a), as recognized by the United States Court of Appeals for the Third Circuit in *Checkpoint Systems, Inc. v. Check Point Software Technologies*, Inc., 269 F.3d 270, 294-295 (3d Cir. 2001), alleging acts of federal unfair competition against Defendants Hand & Nail Harmony, Inc. and Nail Harmony, LLC.

21. This Court has jurisdiction over the subject matter of this claim for federal unfair competition and false designation of origin, pursuant to 28 U.S.C. §§1331, 1338(a) and 15 U.S.C. §1121.

22. Poly-Gel L.L.C. repeats and realleges each and every allegation set forth in ¶¶ 1-17 of its Complaint, as if fully set forth herein.

23. The goods of both Plaintiff Poly-Gel L.L.C. and Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC are regularly marketed together on various websites and frequently being shown side-by-side with both Plaintiff Poly-Gel and Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC using "PolyGel" for marketing their competing and/or related goods for skin care preparations, such as for the

hands and feet, as well as other beauty and personal care products, thereby rendering "initial interest confusion" by prospective purchasers likely, if not probable, and likely to cause mistake, deception and confusion for the relevant purchasing public, as well as continuing to harm the goodwill of Plaintiff Poly-Gel L.L.C.

24. Defendants Hand & Nail Harmony, Inc.'s and Nail Alliance, LLC's acts of federal unfair competition and false designation of origin against Plaintiff Poly-Gel L.L.C. are knowing and willful and will continue unless enjoined by this Court.

25. Plaintiff Poly-Gel LLC has no adequate remedy at law.

### THIRD COUNT

**(Claim for Statutory Unfair Competition Under New Jersey Law, N.J.S.A. §56:1-4 *et seq.*, Against Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC)**

26. This is a claim for statutory unfair competition under New Jersey, N.J.S.A. §56:1-4 *et seq.*

27. This Court has supplemental jurisdiction over the subject matter of this state law claim for unfair competition, pursuant to 28 U.S.C. §1367.

28. Poly-Gel L.L.C. repeats and realleges each and every allegation set forth in ¶¶ 1-23 of its Complaint, as if fully set forth herein.

29. The acts of Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC, as set forth in this Complaint, constitute unlawful, unfair or fraudulent business practices in violation of N.J.S.A. §56:1-4 *et seq.*

30. By reason of the activities of Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC, Defendants have damaged and have caused irreparable harm to Plaintiff Poly-Gel LLC and, unless restrained, will continue to damage and cause irreparable injury to the reputation and goodwill of Plaintiff Poly-Gel LLC.

31. Upon information and belief, Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC have profited from their unlawful activities.

32. Plaintiff Poly-Gel L.L.C. has no adequate remedy at law.

### FOURTH COUNT

### (Claim for Common Law Unfair Competition Under New Jersey Law Against Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC)

33. This is a claim for common law unfair competition under New Jersey law.

34. This Court has supplemental jurisdiction over the subject matter of this state law claim for unfair competition, pursuant to 28 U.S.C. §1367.

35. Plaintiff Poly-Gel L.L.C. repeats and realleges each and every allegation set forth in ¶¶ 1-30 of its Complaint, as if fully set forth herein.

36. Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC have injured Plaintiff Poly-Gel L.L.C. by depriving Poly-Gel L.L.C. of sales of their goods and by injuring the reputation and goodwill of Poly-Gel L.L.C., the conduct of Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC being likely to confuse a prospective purchaser exercising ordinary caution and reasonable care as to the origin and/or source of sponsorship of the competing and/or related cosmetics, skin care preparations, and beauty and personal care products offered by Poly-Gel LLC, or to cause mistake or deceive the public into believing that the goods of Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC originate with Poly-Gel, L.L.C. or are otherwise authorized by Poly-Gel L.L.C.

37. Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC have engaged in conduct constituting unfair competition with Plaintiff Poly-Gel L.L.C. under

the common law of New Jersey with such unfair competition causing immediate and irreparable injury to Poly-Gel L.L.C. and its goodwill and reputation, and will continue to harm Plaintiff Poly-Gel L.L.C. and deceive prospective and actual purchasers of the related and/or competing products marketed by Poly-Gel L.L.C., unless enjoined by this Court.

38. Plaintiff Poly-Gel L.L.C. has no adequate remedy at law.

WHEREFORE, Plaintiff Poly-Gel LLC requests that:

I. Judgment be entered in favor of Plaintiff Poly-Gel L.L.C. on all counts of its Complaint asserting federal unfair competition, statutory and common law unfair competition under New Jersey law, arising from the confusingly similar uses of "PolyGel" by Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC in the marketing of related and/or similar skin care preparations for various portions of the human body, including hands and feet, and beauty and personal goods, generally, as well as the "initial interest confusion" resulting therefrom.

II. Plaintiff Poly-Gel L.L.C. be awarded its full measure of damages, including lost profits, for the willful acts of federal and state unfair competition in which Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC have engaged to the detriment of Plaintiff Poly-Gel L.L.C. arising from the infringing and unlawful use of "PolyGel" in the United States by Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC in the sale of skin care preparations and related and/or similar beauty and personal products, particularly for hands and feet.

III. Plaintiff Poly-Gel L.L.C. be awarded preliminary and permanent injunctive relief enjoining Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC and all agents, employees, distributors and other persons and entities operating in concert with Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC, from the marketing, distribution, advertising and sale of all pertinent goods, including, but not necessarily limited to, skin care preparations and related and/or similar beauty and personal products, particularly for hands and feet, that make use of "PolyGel" in the marketing and sale thereof by Defendants Hand & Nail Harmony, Inc. and Nail Alliance, LLC and their agents, employees and all those conducting business at their direction.

IV. Plaintiff Poly-Gel L.L.C. be awarded its reasonable attorney fees, pursuant to 15 U.S.C. §1117(a), this action being "exceptional" within the meaning of that statutory provision.

V. Plaintiff Poly-Gel L.L.C. be awarded such further relief as this Court deems justified and appropriate under the circumstances.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all counts set forth herein.

### CERTIFICATION PURSUANT TO RULE 11.2

I hereby certify that the matter in controversy for damages and injury to Plaintiff is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding. There is a pending matter filed by Plaintiff involving the cancellation of Defendant Nail Alliance, LLC's trademark <u>Poly-Gel L.L.C v. Nail Alliance, LLC</u>, in the United States Patent and Trademark Office before the Trademark Trial and Appeal Board, Cancellation No. 92067061 and a pending matter filed by

Defendant Nail Alliance, LLC for declaratory action, <u>Nail Alliance, LLC v. Poly-Gel L.L.C</u>, Civil Action No. 4:17-cv-01026.

Respectfully submitted,

SHAFRON LAW GROUP, LLC

Dated: January 8, 2018

By: <u>/s/ *Jason T. Shafron*</u>
Jason T. Shafron
Zachary T. Bernstein
2 University Plaza Drive, Suite 400
Hackensack, New Jersey 07601
Telephone: (201) 343-7200
jshafron@shafronlaw.com
zbernstein@shafronlaw.com

*Attorney for Plaintiff Poly-Gel LLC*